IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-621-D

| | |
|---|---|
| IRENE KAALUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE BANK OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

On September 6, 2024, Irene Kaalund ("Kaalund" or "plaintiff") filed an action in Wayne County Superior Court against the Bank of Missouri ("the Bank" or "defendant") [D.E. 1-1]. On November 1, 2024, the Bank timely removed the action to this court based on federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 [D.E. 1]. On November 5, 2024, Kaalund moved to remand the action to Wayne County Superior Court [D.E. 5] and filed a memorandum in support [D.E. 5-1]. On November 26, 2024, the Bank responded in opposition [D.E. 9]. On December 9, 2024, Kaalund replied [D.E. 11]. As explained below, the court grants Kaalund's motion and remands the action to Wayne County Superior Court.

I.

Kaalund asserts a claim under the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 et seq., for common law negligence, and for common law invasion of privacy. See [D.E. 1-1] ¶¶ 64–74. When Kaalund filed her complaint in Wayne County Superior Court, Kaalund attached as an exhibit a unilateral stipulation ("stipulation") that she will not seek or accept damages in excess of $75,000. See [D.E. 1-1] 18–19. Kaalund and her attorneys "agree to

be bound" by the stipulation in both North Carolina Superior Court and federal courts. Id. at 18. The stipulation does not bind the parties in "an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding." Id. Kaalund and her attorneys signed and notarized the stipulation. See id. at 18–19.

The Bank premised removal on 28 U.S.C. §§ 1332, 1441, and 1446. See [D.E. 1] 1. The parties agree that they are diverse but dispute whether the amount-in-controversy requirement for federal diversity jurisdiction is satisfied.

In her motion to remand, Kaalund argues that the stipulation "defeats the amount in controversy requirement" necessary for this court's jurisdiction under 28 U.S.C. § 1332(a). [D.E. 5-1] 1. Because the stipulation caps her damages to $75,000 or less, Kaalund argues the Bank cannot establish that section 1332's amount-in-controversy requirement is satisfied.

In opposition, the Bank accuses Kaalund of "forum-shopping" and argues the stipulation "is ineffective." [D.E. 9] 3. The Bank argues that because the stipulation does not apply in arbitration forums, it "is not 'truly binding' as it does not completely limit the amount [Kaalund] may seek in this matter." Id. at 3 (citing Green v. Caterpillar Inc., No. 2:14-CV-26, 2014 WL 4798705, at *3 (W.D.N.C. Sept. 26, 2014) (unpublished)). The Bank also claims Kaalund's allegations "would entitle her to more than $75,000.00." Id. Thus, the Bank argues section 1332's amount-in-controversy requirement is satisfied, and the court should deny Kaalund's motion to remand.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021). Under 28 U.S.C. § 1441,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colo. Bankers Life Ins. Co. v. AT Den. Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). Under 28 U.S.C. §1332, the district court has jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case. Mayor of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123. Put

3

differently, a court should "resolve doubts in favor of remand." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123. When evaluating a motion to remand, the court considers the pleadings and any materials attached or incorporated into the complaint. See Fed. R. Civ. P. 10(c).

"Courts generally determine the amount in controversy by reference to the plaintiff's complaint." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). To calculate an amount in controversy, interest and attorneys' fees are not included. See First Nat. Bank v. La. Highway Comm'n, 264 U.S. 308, 310 (1924); Pinel v. Pinel, 240 U.S. 594, 597 (1916).

The stipulation represents the only specific reference to damages in Kaalund's complaint. In the stipulation, Kaalund promises to not seek or accept damages in excess of $75,000 in either North Carolina state court or federal court. See [D.E. 1-1] 18. The Bank argues the stipulation "is not truly binding" under Green v. Caterpillar Inc., an unpublished order from the United States District Court for the Western District of North Carolina. See [D.E. 9] 3. In Green, however, plaintiff's complaint "pray[ed] for no specific monetary amount." Green, 2014 WL 4798705, at *3. Thus, the court in Green could not determine the amount in controversy from the face of the complaint and looked, instead, to a demand letter from plaintiff's counsel "asserting that the amount in controversy is up to $919,480.00." Id. (quotation omitted). In support of a motion to remand, plaintiff argued the $919,480.00 amounted to mere puffery and offered an unsigned stipulation to the same effect. See id. The court rejected plaintiffs' argument and noted "a party's stipulation can be enforceable if it is 'a formal, truly binding, pre-removal stipulation signed by

4

counsel and his client explicitly limiting recovery.'" Green, 2014 WL 4798705, at *3 (quoting McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001)).

Green cannot bear the weight the Bank places on it. Unlike the complaint in Green, Kaalund's complaint specifically refers to monetary damages within the attached stipulation and those monetary damages fall below the amount-in-controversy threshold required for federal jurisdiction. Furthermore, Kaalund and her attorney signed and notarized the stipulation and filed it as an exhibit with her complaint. Thus, even under Green, Kaalund's stipulation "is 'a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.'" Green, 2014 WL 4798705, at *3 (quoting McCoy, 147 F. Supp. 2d at 485). Kaalund's complaint does not satisfy section 1332(a)'s amount-in-controversy requirement. Accordingly, the Bank has failed to establish that this court has subject-matter jurisdiction over the case, and the court grants Kaalund's motion to remand. See Mayor of Balt., 31 F.4th 197; Bartels ex rel. Bartels, 880 F.3d at 680; Prince, 848 F.3d at 176; Strawn, 530 F.3d at 296–97; Mulcahey, 29 F.3d at 151.

II.

In sum, the court GRANTS Kaalund's motion to remand [D.E. 5] and REMANDS the action to Wayne County Superior Court.

SO ORDERED. This 29 day of January, 2025.

JAMES C. DEVER III
United States District Judge